ATTORNEY FOR PETITIONER:
**JOHN C. SLATTEN**
ATTORNEY AT LAW
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**MARILYN S. MEIGHEN**
ATTORNEY AT LAW
Carmel, IN

**ZACHARY D. PRICE**
ATTORNEY AT LAW
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

| | | |
|---|---|---|
| PAMELA SLATTEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 22T-TA-00004 |
| | ) | |
| HAMILTON COUNTY ASSESSOR, | ) | |
| | ) | |
| Respondent. | ) | |

FILED
Dec 29 2023, 12:19 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ON APPEAL FROM A FINAL DETERMINATION OF
THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**December 29, 2023**

MCADAM, J.

This case examines when, under Indiana Code § 6-1.1-12-37, an individual must record a memorandum of contract documenting the purchase of residential property to qualify for Indiana's standard homestead deduction. The Indiana Board of Tax Review ("Indiana Board") determined that the statute requires an individual to record the memorandum no later than December 31 of the assessment year for which the deduction is sought. The taxpayer contends that the Indiana Board's interpretation is

inconsistent with the purpose of the homestead deduction, asserting that she had until January 5 of the next year to record her memorandum. She argues that the Indiana Board's interpretation contravenes the rules of grammar and that two other statutory provisions, Indiana Code §§ 6-1.1-12-45(f) and 6-1.1-12-37(b)(2), independently extend the time to record a memorandum of contract. Upon review, the Court affirms the Indiana Board's final determination.

## FACTS AND PROCEDURAL HISTORY

Pamela Slatten moved to the home in Carmel, Indiana, that is the subject of this case in October of 2020. She contracted to purchase the home later that same year on December 31, 2020, completing and signing an application for Indiana's homestead deduction (*i.e.,* Form HC10) the same day. Five days later, on January 5, 2021, Slatten recorded a memorandum of contract documenting her purchase with the Hamilton County Recorder and filed her completed homestead deduction application with the Hamilton County Auditor.[1]

The Auditor granted Slatten the homestead deduction for the 2021 assessment year but denied the deduction for the 2020 assessment year. The Auditor denied the 2020 deduction because she believed the law required Slatten to record her memorandum of contract by December 31, 2020.

Slatten appealed the 2020 homestead deduction denial first to the Hamilton County Property Tax Assessment Board of Appeals and then to the Indiana Board. The Indiana Board held a telephonic hearing on Slatten's appeal on October 19, 2021, and

---

[1] A memorandum of contract that is executed, acknowledged by the parties, and contains certain provisions may be recorded in lieu of the actual contract itself. *See* IND. CODE § 36-2-11-20 (2020).

issued a final determination on February 1, 2022, denying Slatten's request for relief.

Slatten initiated this original tax appeal on March 18, 2022. The Court heard the parties' oral arguments on August 24, 2022.

## STANDARD OF REVIEW

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. IND. CODE § 33-26-6-6(b) (2023). To prevail in her appeal, Slatten must demonstrate to the Court that the Indiana Board's final determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence. I.C. § 33-26-6-6(e)(1)-(5).

## THE HOMESTEAD DEDUCTION

Indiana law provides what is known as the "standard homestead deduction."[2] See IND. CODE § 6-1.1-12-37 (2020) (amended 2022). During the 2020 assessment year, the deduction removed from annual property taxation the first $45,000 of assessed value of one's homestead.[3] See I.C. § 6-1.1-12-37(b)-(c).

A taxpayer may claim the homestead deduction in one of two ways. The taxpayer

---

[2] A taxpayer that is entitled to the standard homestead deduction is also entitled to a supplemental homestead deduction and a tax cap credit. See IND. CODE § 6-1.1-12-37.5 (2020) (amended 2023); IND. CODE § 6-1.1-20.6-7.5(a)(1) (2020). To the extent Slatten claims she is entitled to these additional benefits, the Court's analysis needs only focus on her eligibility for the standard homestead deduction.

[3] In 2022, the Legislature amended the statute to provide that after December 31, 2022, the first $48,000 of assessed valuation of an individual's homestead would be removed from taxation. See Pub. L. No. 174-2022 § 22 (eff. Jan. 1, 2023).

3

may file the homestead application form (Form HC10) with the county auditor. I.C. § 6-1.1-12-37(b)(2), (e). That form must be "completed and dated" by December 31 of the assessment year and filed by January 5 of the next year. *See* I.C. § 6-1.1-12-37(e). A taxpayer may also use a sales disclosure form as an application for the homestead deduction. *See* I.C. § 6-1.1-12-37(b)(2). That form must be submitted "on or before December 31" of the year the homestead is purchased to obtain the deduction for that year. IND. CODE § 6-1.1-12-44 (2020) (amended 2023).

## DISCUSSION AND DECISION

This case presents the issue of when a taxpayer must record a memorandum of contract documenting a property's purchase to qualify for the homestead deduction. The taxpayer, Slatten, contends that the Indiana Board's conclusion that Indiana law required her to record her memorandum by December 31, 2020, is an abuse of discretion and contrary to law.

### Deadline for Recording under the "Homestead" Definition

The homestead deduction applies to property that qualifies as a "homestead" for a particular assessment year. The word "homestead" is a term of art specifically defined in statute and, for purposes of this case, means an individual's principal place of residence in Indiana that:

> (ii) the individual is buying under a contract recorded in the county recorder's office, *or evidenced by a memorandum of contract recorded in the county recorder's office* under IC 36-2-11-20, that provides that the individual is to pay the property taxes on the residence, and that obligates the owner to convey title to the individual upon completion of all of the individual's contract obligations[.]

I.C. § 6-1.1-12-37(a)(2)(B)(ii) (emphasis added). Here, the parties' dispute centers on

4

the timing of the "recorded" requirement contained in this section. The parties agree that Slatten recorded her memorandum of contract on January 5, 2021. They disagree, however, whether that January 5 recording was timely for purposes of claiming the homestead deduction for the 2020 assessment year.

On appeal, Slatten contends that the meaning of the term "recorded" is apparent from the rules of grammar. She asserts that "recorded" is a past participle and as such is a nonfinite verb that has no tense. She concludes that "[o]ne cannot infer a deadline, a point in time by which an act must be completed, from a past participle." (Pet'r Reply Br. at 1.)

But Slatten's grammatical argument actually works against her. While the Court agrees that the word "recorded" is best understood as a past participle, it does not agree that past participles cannot communicate timing or sequence. Slatten's argument is heavily premised on her assertion that past participles do not have tense, a premise on which there is authoritative disagreement. *Compare, e.g.,* Bryan A. Garner, GARNER'S MODERN ENGLISH USAGE 1229, 1246 (5th ed. 2022) (explaining that a past participle is a nonfinite verb that is "[a] verb form that has no tense, person, or singular or plural form, and is not limited by inflection") *with* THE CHICAGO MANUAL OF STYLE § 5.108 at 233 (16th ed. 2010) (stating that "[a] participle is a nonfinite verb that is not limited by person, number, or mood, but does have tense"). Nonetheless, the Court need not resolve the question of tense to decide this case because past participles inherently signal that the participle's action is completed because they convey a "perfective aspect." GARNER'S at 1196, 1229 (stating that a past participle is "[a] nonfinite verb form . . . used in verb phrases . . . to signal a perfective aspect" and

5

defining "perfective aspect" as "[a] verb aspect that expresses action as complete – or implies that it is so"); CHICAGO MANUAL OF STYLE § 5.108 at 233 (explaining that a past participle "denotes the verb's action as completed"). That a participle conveys timing and sequence is made clearer by contrasting the past participle with the present participle. The present participle embodies a progressive aspect that signals that the participle's action is "in progress or incomplete at the time expressed by the sentence's principal verb." CHICAGO MANUAL OF STYLE § 5.108 at 233. *See also* GARNER'S at 1196, 1229 (explaining that a present participle is "used…to signal the progressive aspect," which "show[s] that an action or state – past, present, or future – was, is, or will be unfinished at the time referred to").

These grammatical nuances confirm that the recording required by the homestead definition must be completed during the assessment year for which a deduction is sought. They dispel any notion that recording need only be in progress at the end of the assessment year to meet the "homestead" requirements. As a past participle, the word "recorded" as used in Indiana Code § 6-1.1-12-37(a)(2)(B)(ii) signals that the recording is complete at the time a property is qualified as a homestead. Had the Legislature intended otherwise, it could have used the present participle of "recorded" or separated the recording requirement from the "homestead" definition altogether. Consequently, for Slatten to receive the homestead deduction for the 2020 assessment year, her property needed to be a homestead in 2020. And, to be a homestead in 2020, Slatten needed to record her memorandum of contract in 2020 (*i.e.,* by the end of the assessment year for which the deduction was sought – December 31,

6

2020).[4,5]

Slatten emphasizes that her interpretation "avoid[s] the unfair result that people who buy houses near the end of the year would be denied the benefit of the homestead deduction because of it being difficult to prepare, file, and record documents during the end-of-year holidays." (Pet'r Br. at 14.) The Court is sympathetic to the concerns raised by Slatten. The statute does not reveal the legislative purpose for the recordation requirement. It may be intended as a safeguard against fraud or for administrative effectiveness as Section 37(a)(2)(B)(ii) applies to prospective sales that are not yet complete. But, regardless of the reason, this Court, like any other, may not usurp legislative prerogative by construing a statute in a manner contrary to its plain language. *See Southlake Indiana, LLC v. Lake Cnty. Assessor*, 174 N.E.3d 177, 180 (Ind. 2021) (indicating that "that result, whatever its policy merits, is the legislature's call and not ours. [Courts] apply the statute as written and do not second guess the legislature's decision").

**Effect of Section 45(f) and Section 37(b)(2) on the Recording Deadline**

Notwithstanding the language of the homestead deduction, Slatten offers an alternative argument that two other statutory provisions operate to independently extend the time to record a memorandum of contract to January 5 of the year following the

---

[4] The Form HC10 itself, as promulgated by the Department of Local Government Finance, is consistent with this conclusion. It presupposes that recordation has been completed at the time the form is completed, which must be by December 31 of the assessment year. The application requires an individual to specify the "Recorder's Office Where Contract is Recorded," the "Record Number" assigned to the contract, and its corresponding "Page." (*See* Cert. Admin. R. at 33.)

[5] Slatten argues alternatively that, if "recorded" is not a past participle, it must be a reduced passive relative clause. Because the Court agrees that "recorded" is a past participle, it is not necessary to address this alternative argument.

assessment year (*i.e.,* the deadline for filing the homestead deduction application). She points to Indiana Code § 6-1.1-12-45(f) and Indiana Code § 6-1.1-12-37(b)(2). Each of these provisions, she contends, extend the deadline for recording a memorandum of contract to the deadline for filing the homestead deduction application. As will be explained, the Court rejects this argument because both statutory provisions set forth necessary conditions for filing and specify the sequence of actions the taxpayer must complete, but neither can override deadlines established by other statutory provisions.

Slatten first points to the language contained in Indiana Code § 6-1.1-12-45(f). She argues that it specifically establishes a deadline for recording a memorandum of contract and points to its language that such a memorandum must be recorded "before, or concurrently with" the deduction application. She asserts this language allowed her until January 5, 2021, to record her memorandum of contract because that is the day she filed her homestead deduction application.

The Court disagrees. Section 45(f) provides that "[a] person who is required to record a contract with a county recorder in order to qualify for a deduction under [Indiana Code § 6-1.1] must record the contract, or a memorandum of the contract, before, or concurrently with, the filing of the corresponding deduction application." IND. CODE § 6-1.1-12-45(f) (2020) (amended 2022). That section, though, merely establishes the sequence of two actions (recording and filing). It mandates that any required recording be done before or at the same time as the filing of the deduction application. I.C. § 6-1.1-12-45(f). The provision does not, as Slatten contends, extend the deadline for recording a memorandum of contract to obtain the homestead deduction. To the contrary, it places a limit on the time allowed for recording by prohibiting a taxpayer from

8

recording a contract or memorandum of contract after filing a deduction application. Slatten's interpretation could be achieved if the word "must" is replaced with the word "may" in the statute. *See* WEBSTER'S THIRD NEW INT'L DICTIONARY 1396 (2002 ed.) (defining the word "may" as "hav[ing] the permission" to do something). The Court cannot, however, substitute words in a statute to enlarge its meaning. *See Kitchell v. Franklin*, 997 N.E.2d 1020, 1026 (Ind. 2013) ("Courts may not 'engraft new words' onto a statute or add restrictions where none exist").

Next, Slatten claims that Indiana Code § 6-1.1-12-37(b)(2) afforded her until January 5, 2021, to acquire her interest in her homestead. She argues that Section 37(b)(2) expands the time an individual has to acquire a "homestead" interest to the year after the assessment year. She points to language stating that a taxpayer must have an interest in the homestead on "any date in the same year . . . that a [homestead application] is filed" to qualify for a deduction. I.C. § 6-1.1-12-37(b)(2). Slatten concludes that, because a taxpayer has until January 5 of the year after the assessment year to file a deduction application, the taxpayer has until that date to obtain her interest (*i.e.,* record a memorandum of contract) in the homestead.

The Court disagrees with this argument as well. Section 37(b)(2) states that the homestead deduction applies to an assessment year "only if" an individual has an interest in the homestead on the assessment date or "any date in the same year after an assessment date that a [homestead deduction application] is filed[.]" I.C. § 6-1.1-12-37(b)(2). The Legislature's use of the phrase "only if" indicates that the provision is intended to set forth a necessary, but not a sufficient, condition for qualification. Section 37(b), like Section 45(f), merely establishes the required sequence of two events

9

(acquiring an interest in a homestead and filing a homestead deduction application). It requires an individual to have acquired a homestead interest by the time the individual files the deduction application. And, like the provisions of Section 45(f), Section 37(b) places additional limits on the deduction but does not expand limits imposed by other statutory provisions.

## CONCLUSION

Slatten has not demonstrated to the Court that the Indiana Board's final determination is contrary to law or constitutes an abuse of discretion. Accordingly, the Indiana Board's final determination in this matter is AFFIRMED.